FILED
at 4 O'clock & 15 min P M
Date 12-01-2004

MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 04-50665-JDW |
| KRISTINA N. WALKER, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 04-50724-JDW |
| WANDA R. NEWKIRK, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 04-50657-JDW |
| TOMEKA N. LEE, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtors:         Clyde W. Royals
                     239 S. Peterson Avenue
                     Douglas, Georgia 31533

For Chapter 13 Trustee:   M. Elaina Massey
                          Post Office Box 1717
                          Brunswick, Georgia 31521

## MEMORANDUM OPINION

This matter comes before the Court on Trustee's Objection to the Claim of Attorney Fees. This is a core matter within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Clyde W. Royals represents three Chapter 13 debtors in cases with similar facts that are consolidated for the purpose of this Opinion and Order. The simplicity of the cases is demonstrated by the plans filed in each case. In the <u>Walker</u> case, the plan calls for payments totaling $3,240, including $1,500 in attorney fees, full payment of two secured claims, and a dividend of 88.62 % to unsecured creditors. In the <u>Newkirk</u> case, which has no secured claims, the plan calls for payments totaling $3,600, including $1,500 in attorney fees, and a dividend of 21.85 % to unsecured creditors. Likewise, in the <u>Lee</u> case, which also is without secured claims, the plan calls for payments totaling $3,600, including $1,500 in attorney fees, and a dividend of 73.14 % to unsecured creditors. The Chapter 13 trustee objected to the amount of attorney fees, urging the Court to grant $850 in each case.

Typically, according to Mr. Royals, services to a Chapter 13 debtor include the following: (1) a telephone call setting up the appointment and initial consultation to decide whether a case should be filed (these services usually are rendered without charge by

Chapter 13 counsel, including Mr. Royals); (2) an initial consultation about information to be used in preparing the debtor's schedules, which takes approximately 1 hour; (3) quality control services, such as a review of the debtor's credit report, inspection of his vehicle, and reference to NADA for valuation, which take approximately 1 hour; (4) preparation of petition, schedules, and other documents necessary to complete the filing of the case, which takes approximately a ½ hour; (5) conference with the debtor prior to the 341 meeting, which takes approximately a ½ hour; (6) attendance at the 341 meeting with the debtor, which takes approximately a ½ hour; (7) attendance at the confirmation hearing with the debtor, which takes approximately 1 hour; and (8) incidental services, such as telephone inquiries from creditors, telephone inquiries from the debtor, gathering of tax returns, notices to the debtor regarding subsequent hearings, and counseling with the debtor regarding subsequent problems with the case, which total approximately 1 hour.

These typical services represent the <u>minimum</u> time necessary to prepare the simplest case and represent a total time spent of 5 ½ hours. An attorney is likely to spend time representing the debtor in subsequent matters, but it is impossible to predict the actual amount of time that will take. Thus, there is a value to be associated with the continuing obligation to represent a debtor for a period of 3 years in a successful case, which the Court estimates at 1 hour as an average across all cases. In these cases, the Court concludes that Mr. Royals should be compensated for 6 ½ hours per case.

Mr. Royals regularly tells prospective clients that his Chapter 13 fee of $1,500 is set by the Court. He is unaware of any attorneys who quote a fee of less than $1,500 to represent a debtor in a Chapter 13 case. Mr. Royals has never advertised a willingness to

handle a Chapter 13 case for less than $1,500, because he believes that to do so would be unprofitable. Mr. Royals regularly represents Chapter 7 debtors for $700 paid in full in advance. Filing fees are a separate expense for the debtors. Mr. Royals explains the lower fee in Chapter 7 cases by pointing out that the continuing obligation to represent the debtor is not present, thus reducing his long-term, open-ended exposure to render uncompensated services.

The trustee objected to Mr. Royals' application for fees in the amount of $1,500 in each of these cases. The Court held a hearing on the objection on September 28, 2004. After considering the evidence and the arguments set forth by the parties, the Court will sustain the objection and approve attorney fees of $1,000 in each case.

## Conclusions of Law

Numerous sources of law play a role in determining the appropriate fee for a Chapter 13 debtor's attorney, including the Bankruptcy Code,[1] case law,[2] Local Rules,[3] and the Rules of Professional Conduct.[4] Each of them articulate the same basic principle: Attorney fees must be reasonable. They also each provide some direction for determining whether a fee is reasonable, usually in the form of a list of nonexclusive factors. The only exception is the Local Rule (the "Rule"), which provides for automatic approval of a request for attorney

---

[1] See 11 U.S.C.A. § 330 (West 2004).

[2] See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

[3] See General Order No. 2002-1.

[4] See Ga. R. Prof. Conduct 1.5(a).

fees up to $1,500 in the absence of an objection (the "no look fee"). It also requires attorneys to seek a lesser amount when appropriate due to significantly less time spent on a case than usual, and allows for increased fees when reasonable. The Rule specifically refers to the Bankruptcy Code, professional rules, and relevant case law for guidance on the question of reasonableness.

In Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir. 1988), the court adopted the lodestar approach for determining the reasonableness of attorney fees. First the court must determine a reasonable hourly rate, which is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The twelve factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974),[5] may be relevant to this inquiry. 836 F.2d at 1299-1300. Second, the court must multiply the rate by the hours reasonably expended, which exclude "'excessive, redundant or otherwise unnecessary'" hours and "time spent on discrete and unsuccessful claims." Id. at 1301-02 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S. Ct. 1933, 1939-40 (1983)). Finally, the court may reduce or increase the fee amount depending on the results obtained. Id. at 1302. With this framework in mind, the Court turns to the reasonableness of fees in these cases.

---

[5] The Johnson factors are as follows: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill necessary to perform the legal services; (4) preclusion of other employment due to acceptance of the case; (5) customary fee charged in the community for similar services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorney; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

First, Mr. Royals has argued that his fee is appropriate because it does not exceed the amount disbursed to the creditors in any of the three cases. This argument is without merit. While the Norman analysis allows the Court to consider a broad scope of factors, this is not among them. A bare mechanical comparison of the amount received by the debtor's attorney to the amount received by the creditors has no relevance to the reasonableness of the fees requested. The amount and percentage paid to creditors will vary depending on the circumstances in each case, as evidenced by the dividends in these three cases. Yet, in each case, the services rendered are virtually identical.

Next, the Court considers the issues raised by the "no look" fee provision in the Local Rules. Mr. Royals informs debtors that his attorney fees are set by the Court in advance. This assertion is incorrect, as a closer examination of the Rule demonstrates. The Rule merely states that a fee of $1,500 will be approved in the absence of an objection. In other words, such circumstances do not require the kind of proof contemplated by the Norman and Johnson cases. However, it also instructs attorneys that they are required to reduce their fees in conformance with the Rules of Professional Conduct "when the amount and nature of the debts or other relevant factors result in the expenditure of substantially less attorney's time." Gen. Order No. 2002-1. Thus, the Rule does not set a fee, but rather acknowledges that $1,500 typically will be a reasonable fee.

The Rule's guiding principle is that most Chapter 13 cases are very similar in most respects, including the time and expertise needed by debtor's counsel to prosecute the case on behalf of the debtor. So, applications in typical cases result in similar fee awards. In re Burton, 278 B.R. 645, 650 (Bankr. M.D. Ga. 2001) (Walker, J.) (discussing the policy in the

6

Middle District of Georgia regarding no look fees). "[T]he purpose of the rule is to relieve the debtors of the expense of requiring their lawyers to make a presentation of itemized fee requests and to urge consideration by the Court of such fee requests on a case by case basis." Id. Thus, in the interest of administrative convenience that benefits the Court, the debtor, and the attorney, the Court is essentially trusting the attorney to comply with his professional obligation to seek a fee no greater than that to which he is entitled. The Court should not have to examine routine fee applications so long as debtor's attorneys are honest in their dealings. The onus is on the attorney to request no more than what is reasonable.

This is true even in light of considerations peculiar to Chapter 13 cases. Counsel undertaking the representation of a debtor may not be excused from assisting the debtor if a controversy arises in which the debtor is unable to pay the fees incurred in that representation. But, the Court is mindful of the resulting hardship and will consider all of the factors, including the reasonableness of the debtor's counsel's foresight in anticipating the problem in the first place. The problems may be predicted to some extent by the nature and volume of claims reported by the debtor. However, difficulties arising during the course of a Chapter 13 case are not assured in every case, and when they do occur, they usually require minimum time to resolve.

The benefit of the "no look" fee is well-known. The detriments, however, are less apparent. These three cases present a conspicuous failure caused in part by the existence of the Rule and in part by the failure of Mr. Royals to exercise the kind of billing judgment required by the Rule. Relying on the Local Rule, Mr. Royals has asserted that $1,500 is appropriate in every case. However, as the Court has already noted, the Rule itself

7

anticipates the fact that greater or lesser fees may be appropriate. The accounting of Mr. Royals' time as set out in the findings of fact illustrate the principle. At an hourly rate of $150, the fees for a minimal case requiring 6 ½ hours would be $975. At a rate of $175 per hour, they would be $1,138. As these three cases demonstrate, the establishment of a "no look" fee appears to discourage responsible billing judgment on the part of debtor's counsel and increases the costs of a Chapter 13 case for a debtor who is least able to financially pay the added expense or, in the case of a pro-rata plan, decrease the dividend to unsecured creditors.

Another troublesome aspect of the "no look" fee is the chilling effect it has on fee competition in the marketplace. The fact that Chapter 7 fees are dramatically less than Chapter 13 fees is a reflection of that reality, understanding of course that Chapter 7 fees will always be less than Chapter 13 fees because the cases are typically less complex.

The Court unwittingly aids misrepresentations, such as Mr. Royals' assertion in these cases that the Court sets a fee of $1,500 in Chapter 13 cases. No reasonable person who reads the Rule comes away with that conclusion. However, the Rule has, as a matter of practice, led to the establishment of $1,500 as the standard fee in Chapter 13 cases. Luckily, this unintended consequence is not unfair in most cases. In the three cases before the Court here, however, the opposite is true.

The circumstances of these cases are not unique to Mr. Royals. Even the most conscientious counsel would be likely to charge $1,500 if the actual appropriate fee were within $200 to $300 of that amount. Likewise, it must be noted that fees in excess of $1,500 by $200 or $300 will be routinely reduced to $1,500 in the fee application as a matter of

convenience and efficiency. As a result, debtors with less complex cases end up unfairly subsidizing the cost of more complex cases.

Turning to the application of <u>Norman</u> in these cases, evidence recited as a narrative shows that Mr. Royals spent approximately 6 ½ hours in each case. Although Mr. Royals presented no evidence as to the prevailing hourly rate, the Court previously has recognized a rate of $150 per hour and will, without other evidence, apply that rate in these cases. The resulting calculation yields a fee in the amount of nearly $1,000. Mr. Royals has produced no evidence to demonstrate why he is entitled to what amounts to a 50 % premium. Rather, as the Court has noted in the findings of fact, simpler Chapter 13 cases than those here are virtually unimaginable. Mr. Royals' request for $1,500 in each of these three cases is therefore inappropriate and unreasonable. Citing the Rule and arguing that $1,500 is a fair minimum in a Chapter 13 case assumes certain underlying conclusions that, as the Court has explained, are neither factual nor legitimate. If Mr. Royals' position is construed to be a request to change existing law, it is defective because there is no basis in fact, law, or policy to support such a change. The "no look" fee serves a useful purpose in most cases. Regretfully, it inspires abusive mischief in some cases, as evidenced by the facts in these three cases.

A fee of $1,000 will be awarded in each of these three cases. This amount is based on the acceptance of Mr. Royals' representations as to the minimal services to be rendered in a Chapter 13 case and the Court's recognition that $150 is the prevailing hourly rate for such services. The Court agrees with counsel that the services summarized above in this

9

Opinion will be required in every Chapter 13 case and represent a minimum effort on the part of competent counsel.

An Order in accordance with this Opinion will be entered on this date.

Dated this 1st day of December, 2004.

_____
James D. Walker, Jr.
United States Bankruptcy Judge

CERTIFICATE OF SERVICE

I, Cheryl L. Spilman, certify that the attached and foregoing have been served on the following:

Clyde W. Royals
239 S. Peterson Avenue
Douglas, GA 31533

M. Elaina Massey
P. O. Box 1717
Brunswick, GA 31521

This 1st day of December, 2004.

Cheryl L. Spilman
Deputy Clerk
United States Bankruptcy Court